## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into as of this _____ day of June, 2015, by and between the following Parties:  Lowell Hatch and Margaret Hatch (sometimes collectively "Plaintiffs" herein) and David Wolchansky (sometimes "Defendant" herein). (Plaintiffs and Defendant are collectively referred to herein as the "Parties.")  The Parties hereby agree as follows:

**WHEREAS,** the Parties are currently involved in a dispute regarding Plaintiff's financial participation in certain wells and projects by Granite Resources, LLC (the "Dispute"); and

**WHEREAS,** the Dispute resulted in the filing of a lawsuit styled Cause No. 401-03307-2012; *Lowell Hatch and Margaret Hatch v. Granite Resources, L.L.C. David Wolchansky, Jeremy C. Soder, and William Austin Allen*; in the 401st Judicial District of Collin County, Texas which was removed to Federal Court on or about July 24, 2013, and given the case number 4:13-cv-00419 (the "Lawsuit"); and

**WHEREAS**, the Parties wish to avoid incurring further costs and attorneys' fees, and desire to resolve all claims asserted or which could have been asserted, without admitting any liability therefor, by and between them, and to fully compromise and settle any and all disputes, known or unknown, between the Parties hereto.

**NOW, THEREFORE,** in consideration of the Settlement Amount, mutual promises and agreements set forth herein, and the recitals set forth above, the Parties hereby agree as follows:

1.      **PAYMENT**.  Defendant shall pay the Plaintiffs a settlement amount ("Settlement Amount") of seventy thousand dollars, ($70,000.00). The Settlement Amount shall be payable by Defendant as follows:

i.      Monthly payments of $500.00 per month, payable to Scheef and Stone Escrow Account ("Settlement Installment Payment") on or before the 1st day of each month. except the first payment, which shall be made on or before June 19, 2015.  ("Payment Due Date") Payments shall continue until the Settlement Amount is paid in full. If the Payment Due Date falls on a Saturday, Sunday or Federal Holiday[1], the Settlement Installment Payment shall be due on the next business day immediately following the Saturday, Sunday or Federal Holiday.

ii.     All payments shall be payable to the Scheef and Stone Escrow Account. Payments sent by mail shall be sent via Federal Express, Overnight or in any other manner guaranteed to arrive on or before the Payment Due Date.

iii.    Time is of the essence.  If Wolchansky fails to timely make his payments as per the schedule in Paragraph (1)(i), Wolchansky shall incur a late payment of $50 per day until paid.

iv.     Payment shall be payable at the following address:

Lowell and Margaret Hatch and Scheef and Stone, L.L.P.
Attn: Mitch Little
Scheef & Stone, L.L.P.
2601 Network, Blvd., Suite 102
Frisco, Texas 75034

Or via wire transfer to the Scheef and Stone Escrow Account.

Wire to: PlainsCapital Bank

2911 Turtle Creek Blvd, Ste. 100
Dallas, Texas 75219
214-252-4131

Scheef & Stone, L.L.P., Iolta Account

500 N. Akard, Suite 2700
Dallas, TX 75201

---

[1] Federal Holidays shall include only holidays on which the United States Post Office is closed.

       v.       There shall be no prepayment penalty, and any advance payments will be attributed to the next scheduled unpaid payment.

       vi.      All documents and notices due to Wolchansky shall be sent to the following address:

David Wolchansky
3106 Debra Ct.
Garland, Texas 75044
dawdallas@yahoo.com

2.    **CURE**. If Defendant fails to timely make any payment set forth in Paragraph 1(B) above, Defendant will be in default. The Parties agree that the remaining Settlement Amount will immediately become due and payable if not cured within seven (7) days after written notice (via email, certified mail or facsimile) to Defendant.  All documents and notices due to Defendants shall be sent to David Wolchansky at:

David Wolchansky
3106 Debra Ct.
Garland, Texas 75044
dawdallas@yahoo.com

3.    **DISMISSAL WITH PREJUDICE**. Within seven (7) business days of receipt and clearance of the Final Settlement Installment Payment and/or the entire Settlement Amount, Plaintiffs shall file a Dismissal of all claims against David Wolchansky with prejudice.

4.    **DEFAULT**.  In the event that Defendant fails to make the payments identified in Paragraph 1 by the date the payments are due and fail to cure as described in Paragraph 2, the Parties agree that Defendant is in default of the Settlement Agreement and that the remaining Settlement Amount will immediately become due and payable.

5.    **PLAINTIFFS' RELEASE**. Upon payment in full of the Settlement Amount, Lowell and Margaret Hatch, their employees, agents, successors, assigns and heirs, to the extent permitted by law, releases, acquits, and forever discharges David Wolchansky, and all related agents, servants, employees, insurers and attorneys (including Sessions Fishman Nathan &

Israel, L.L.C.), successors, assigns and heirs, from any and all claims, actions, demands, rights, damages, costs, loss of profits, expenses, compensation, complaints, allegations, or causes of action of any kind whatsoever, at law or in equity, by statute or otherwise, which Plaintiffs now have or may have, known or unknown, now existing, directly or indirectly attributable to, or arising out of, any transactions, dealings or occurrences between the Parties or between Plaintiffs and Granite Resources, LLC, William Austin Allen, or Jeremey C. Soder or any agents, employees members, shareholders, representatives, insurers, attorneys, successors or assigns,  as of the date of this Agreement which comprise or involve the Dispute and the Lawsuit, including claims which could have been brought therein. It is the intention of Lowell and Margaret Hatch to release, upon the effective date, all claims of any kind that they may now have against those persons and entities hereby released, whether by direct claims, indirect claims, or any other claims, whether known or unknown, which comprise or involve the Dispute and the Lawsuit, or claims which could have been raised therein.  Lowell and Margaret Hatch are not releasing any claims arising from any breach of this Agreement or any document executed as part of this Agreement, or against any Defendant (including Allen and Granite) named in the Lawsuit that is not a party to this Agreement.

6.     **ACKNOWLEDGEMENT OF RELEASE OF UNKNOWN CLAIMS.**  The Parties acknowledge that: (1) they may have sustained damages, expenses and losses in connection with the subject matter of the claims released hereunder, including but not limited to those raised in the Lawsuit, which are presently unknown or not suspected and that such damages, expenses and losses, if any, may give rise to additional damages, expenses and losses in the future which are not now anticipated by them, and (2) this Agreement and the foregoing release have been negotiated and agreed upon despite this realization and, being fully advised, the Parties expressly waive any and all rights they may have with respect to the claims released

hereunder, including but not limited to those raised in the Lawsuit, under any federal state or other statute, or under any common law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist at the time of the effectiveness of the foregoing release.  The Parties hereby expressly waive any rights with respect to the matters released herein that they may have under any such statute or principal section, as well as rights afforded by any other statutes or common law principles of similar effect pertaining to the release.  This expressly includes but is not limited to any common law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist at the time of the effectiveness of the foregoing release.

7.      **DEFENDANT'S RELEASE**. David Wolchansky, and all related agents, servants, employees, insurers and attorneys, successors, assigns and heirs, to the extent permitted by law, releases, acquits, and forever discharges Lowell and Margaret Hatch and all related legal entities, heirs and assigns, including all of their respective agents, servants, employees, insurers and attorneys (including Scheef & Stone, L.L.P.), from any and all claims, actions, demands, rights, damages, costs, loss of profits, expenses, compensation, complaints, allegations, or causes of action of any kind whatsoever, at law or in equity, by statute or otherwise, which David Wolchansky now has or may have, known or unknown, now existing, directly or indirectly attributable to, or arising out of, any transactions, dealings or occurrences between the Parties as of the date of this Agreement which comprise or involve the Dispute and the Lawsuit, including claims which could have been brought therein.  It is the intention of David Wolchansky in the Release Agreement, and upon the effective date, to release all claims of any kind that he may now have against those persons and entities hereby released, whether by direct claims, indirect claims, or any other claims, whether known or unknown, which comprise or involve the Dispute and the Lawsuit, or claims which could have been raised

therein. David Wolchansky is not releasing any claims arising from any breach of this Agreement.

8.      **NO DISCHARGE**. David Wolchansky further agrees and stipulates that the debt set forth herein is excepted from a discharge under the Bankruptcy Code pursuant to 11 U.S.C. §523(a)(19). David Wolchansky further agrees and stipulates that the statute of limitations by which Plaintiffs may assert their underlying claims against David Wolchansky for Fraud and Securities Violations, as alleged in the Lawsuit, are tolled during the pendency of this Settlement Agreement. David Wolchansky further agrees that if he is in Default under the Settlement Agreement and such Default is not cured by David Wolchansky pursuant to the terms of the Settlement Agreement, then this Settlement Agreement may be introduced by Plaintiffs as evidence in any proceeding in any Bankruptcy Case in which David Wolchansky is a debtor to object to the discharge of such debt, which determination David Wolchansky covenants and warrants he shall not oppose.

9.      **CONFIDENTIALITY AND NONDISCLOSURE AGREEMENT**. All parties and their counsel represent and warrant that they will not disclose to anyone, including but not limited to the news media, but excluding the Parties' respective employees, accountants, advisors, insurers, beneficiaries, executors, heirs, trustees and attorneys, the terms and amount of the settlement described herein, except:  (a) to the extent necessary to comply with the provisions of a federal or state statute or code, or order of a court; (b) in response to an inquiry from a governmental agency; (c) in response to an inquiry that is initiated by a regulatory or self-regulatory agency, or (d) to the extent necessary to enforce the terms of this Agreement. In the event any information covered by this paragraph is subpoenaed or requested by a governmental agency or regulatory or self-regulatory agency, the party to whom the subpoena or information request has been made agrees to give the other party immediate notice of the

subpoena or request so that the other party has an opportunity to object to the production. Notice shall be given to the parties in this matter.

10.     **OWNERSHIP OF CLAIMS**. By execution of this Agreement, the Parties hereby covenant and warrant that no claim, right, or cause of action that they may now have or may have had in the past against each other, and/or affiliated entities or persons as set forth in the previous paragraphs, has previously been conveyed, assigned, or in any manner transferred, in whole or in part, to any third parties.

11.     **CONTRACT**. It is expressly understood and agreed that the terms of this Agreement are contractual and not merely recitations and that the agreements herein contained, and the consideration transferred, are to compromise claims, avoid litigation, and buy peace, and that no payments made or other consideration given shall be construed as an admission of liability, all liability being expressly denied by the Parties to this Agreement.

12.     **BINDING**. It is further understood and agreed that this Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective affiliated entities, successors, assigns, heirs, and beneficiaries, where appropriate.

13.     **MERGER**. It is further understood and agreed that this Agreement and its exhibits contain the entire agreement of the Parties and supersedes any and all prior agreements, arrangements, or understandings between them relating to the subject matter of this Agreement. There are no oral understandings, statements, promises, or inducements contrary to the terms of this Agreement and its exhibits.  This Agreement and its exhibits cannot be changed or terminated except in writing, signed by all Parties hereto.

14.     **ENFORCEABILITY**.  The Parties further agree that this Settlement Agreement constitutes a valid, binding, and enforceable obligation of that party and its terms are lawful and

fair.  The Parties agree not to revoke or contest the validity or enforceability of this Settlement Agreement.

15.    **LEGAL COUNSEL**. Each Party acknowledges that with respect to that Party: such Party has had the opportunity to consult, if they so choose, independent legal counsel prior to that Party's execution of this Agreement; such Party fully understands the terms and provisions of this Agreement and the nature and effect thereof; and such Party has not relied upon any representations or statement of any other Party hereto, any employee or agent of such Party, or legal counsel for any other Party hereto, in executing this Agreement.

16.    **VENUE**. It is further understood and agreed that this Agreement shall be governed by, construed under, and enforced in accordance with the laws of the State of Texas. Any dispute shall be submitted to the venue where the Lawsuit is pending.  The prevailing party in any suit to enforce the terms of this Agreement shall be entitled to recovery of its attorneys' fees and costs.

17.    **SEVERABILITY**. Should any court, arbitration panel, or regulatory body of competent jurisdiction determine that any portion of this Agreement is invalid or otherwise ineffective; the remaining portions of this Agreement shall survive and remain in full force and effect.

18.    **COST OF LITIGATION**. The Parties stipulate and agree that each Party shall bear its own attorneys' fees and court costs incurred as a result of this Litigation.  However, in an action to enforce the terms of this Agreement, the prevailing party shall be entitled to pursue the recovery of its attorney's fees and costs from the other party.

19.    **EXECUTION**. This Agreement may be signed in multiple counterparts.  A set of counterpart copies which collectively contains the signature and acknowledgment of all Parties shall constitute an original.

**I, WE, AND EACH OF US WHOSE SIGNATURES ARE AFFIXED BELOW HAVE READ THE FOREGOING, FULL, FINAL, AND COMPLETE SETTLEMENT AGREEMENT AND FULLY UNDERSTAND ITS CONTENTS AND EFFECT, AND AFFIX OUR HANDS AND SIGNATURES ON THE DATE INDICATED.**

[The remainder of this page intentionally left blank.]

employee or agent of such Party, or legal counsel for any other Party hereto, in executing this Agreement.

16. **VENUE.** It is further understood and agreed that this Agreement shall be governed by, construed under, and enforced in accordance with the laws of the State of Texas. Any dispute shall be submitted to the venue where the Lawsuit is pending. The prevailing party in any suit to enforce the terms of this Agreement shall be entitled to recovery of its attorneys' fees and costs.

17. **SEVERABILITY.** Should any court, arbitration panel, or regulatory body of competent jurisdiction determine that any portion of this Agreement is invalid or otherwise ineffective; the remaining portions of this Agreement shall survive and remain in full force and effect.

18. **COST OF LITIGATION. The Parties stipulate and agree that each Party shall bear its own attorneys' fees and court costs incurred as a result of this Litigation. However, in an action to enforce the terms of this Agreement, the prevailing party shall be entitled to pursue the recovery of its attorney's fees and costs from the other party.**

19. **EXECUTION. This Agreement may be signed in multiple counterparts. A set of counterpart copies which collectively contains the signature and acknowledgment of all Parties shall constitute an original.**

I, WE, AND EACH OF US WHOSE SIGNATURES ARE AFFIXED BELOW HAVE READ THE FOREGOING, FULL, FINAL, AND COMPLETE SETTLEMENT AGREEMENT AND FULLY UNDERSTAND ITS CONTENTS AND EFFECT, AND AFFIX OUR HANDS AND SIGNATURES ON THE DATE INDICATED.

[The remainder of this page intentionally left blank.]

_____
Lowell Hatch

_____
Margaret Hatch

STATE OF TEXAS Ohio                     §

§

COUNTY OF DALLAS *Franklin*       §

Sworn to and subscribed before me by _____ *Lowell Hatch* _____ on
this *10* day of *June* _____, 2015.

Notary Public in and for the State of ~~Texas~~ *Ohio*

STATE OF ~~TEXAS~~ *OHIO*     §

                        §

COUNTY OF ~~DALLAS~~          §
*Franklin*

Sworn to and subscribed before me by _____ *Margaret Hatch* _____ on
this *10* day of *June* _____, 2015.

Notary Public in and for the State of ~~Texas~~ *OHIO*

_____
David Wolchansky

Date:

STATE OF TEXAS       §
                    §

COUNTY OF DALLAS      §

Sworn to and subscribed before me by _____, on this _____ day of
_____, 2015.

_____

David Wolchansky

Date: _____

STATE OF TEXAS               §
                             §
COUNTY OF DALLAS             §

Sworn to and subscribed before me by David Wolchansky on this __25__ day of
____June____, 2015.

ANGELICA R. GRIMES
Notary Public, State of Texas
My Commission Expires
August 19, 2017

_____
Notary Public in and for the State of Texas

_____

David Wolchansky

Date: _____

STATE OF TEXAS            §
                          §
COUNTY OF DALLAS          §

Sworn to and subscribed before me by David Wolchansky, on this _____ 25 _____ day of _____ June _____, 2015.

ANGELICA R. GRIMES
Notary Public, State of Texas
My Commission Expires
August 19, 2017

Angelica R Grimes
_____
Notary Public in and for the State of Texas